**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Best Western International, Inc., an Arizona non-profit corporation<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Melbourne Hotel Investors, LLC, and Robert D. Falor,<br><br>　　　　Defendants. | CV 06-2276-PHX-MHM<br><br>**ORDER** |

Currently before the Court is Plaintiff Best Western International, Inc.'s ("Plaintiff") Amended Motion for Default Judgment against Defendant Melbourne Hotel Investors, LLC. ("Defendant Melbourne") (Dkt.#18).

By way of background, on September 22, 2006, Plaintiff filed its initial complaint in this matter naming Defendant Melbourne and Defendant Robert Falor. (Dkt.#1). Plaintiff sought damages amounting to $130,000 plus an award of attorney's fees and costs. (Id.). On December 27, 2006, based upon Defendant Melbourne's failure to respond to Plaintiff's complaint, Plaintiff applied for entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure with the Clerk of the Court. (Dkt.#7). The Clerk of the Court granted the application on December 28, 2006. (Dkt.#9). On December 29, 2006, Plaintiff filed its original motion for default judgment pursuant to Rule 55(b)(2) Fed.R.Civ.P.. (Dkt.#10).

| | |
|---|---|
| 1 | However, before the Court could rule on the original motion, Plaintiff, pursuant to Rule 15(a) |
| 2 | Fed.R.Civ.P., filed the instant Amended Complaint against Defendants Melbourne and Falor |
| 3 | seeking damages in the excess of $343,000 as well as attorney's fees and costs. (Dkt.#13). |
| 4 | The significance of the filing of the Amended Complaint for purposes of Plaintiff's original |
| 5 | motion for default judgment is that it mooted the request. Notably, an "amended complaint |
| 6 | supersedes the original, the latter being treated thereafter as non-existent." Forsyth v. |
| 7 | Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. |
| 8 | 1967); see also Vanguard Financial Service Corp. v. Johnson, 736 F.Supp. 832, 835 (N.D. |
| 9 | Ill. 1990) (denying as moot plaintiff's motion for default judgment where amended complaint |
| 10 | subsequently filed); Nelson v. Nationwide Mortg. Corp., 659 F.Supp. 611, 615 (D.D.C. |
| 11 | 1987) (same). |

The Court advised Plaintiff's counsel of the significance of the Amended Complaint as to the original motion for default judgment at the August 20, 2007, order to show cause hearing. (Dkt.#17). Specifically, the Court directed Plaintiff's counsel to verify whether the motion for default judgment was based upon the original complaint or now viable Amended Complaint. The Court further instructed that "[i]f the Motion was based upon the original complaint [Plaintiff] shall request entry of default as to the amended complaint if appropriate." (Id.). After reviewing the record, Plaintiff filed the instant Amended Motion for default judgment on August 27, 2007. (Dkt.#18). However, Plaintiff has failed to properly comply with the Court's order and the requirements of Rule 55 with its instant Amended Motion. Notably, instead of following the sequential two-step process of first obtaining entry of default by the Clerk of the Court pursuant to Rule 55(a) and then moving for default judgment pursuant to Rule 55(b)(2) Fed.R.Civ.P., Plaintiff has skipped the first step and simply moved for default judgment. See Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986) (discussing two-step process). Such practice is deficient because Plaintiff has not demonstrated service of the Amended Complaint upon Defendant Melbourne, which is

- 2 -

1  required for an entry of default pursuant to Rule 55(a) entered by the Clerk.[1]  As such, the
2  Court will deny Plaintiff's Motion without prejudice to be refiled after proper compliance
3  with Rule 55 Fed.R.Civ.P..

4  **Accordingly,**

5  **IT IS HEREBY ORDERED** denying without prejudice Plaintiff's Amended Motion for
6  default judgment. (Dkt.#18).

7  DATED this 10th day of October, 2007.

_____
Mary H. Murgula
United States District Judge

---

[1] Plaintiff's instant Amended Motion states that Plaintiff has served the original complaint, but does not indicate whether the Amended Complaint has been served. (Dkt.#18).