**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Best Western International, Inc., etc., ) | No. CV-06-2276-PHX-MHM |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Melbourne Hotel Investors, LLC, et al., ) | |
| Defendants. ) | |

On February 28, 2008, the assigned District Judge referred this case to the undersigned Magistrate Judge for purposes of conducting a settlement conference. (docket # 33) In response to this referral and after granting the parties' request to continue the settlement conference, the undersigned reset the settlement conference to Wednesday, July 30, 2008. (docket # 37)

As authorized in the Settlement Conference Order, docket # 35, counsel for both sides provided the Court with letters, dated July 23 and July 24, 2008, indicating that a Receiver has been appointed "over the assets of Defendant Robert Falor" "which prevent the Defendants from making any monetary settlement proposal at the upcoming [Settlement] Conference." Letter from Louis D. Lopez, counsel for Defendants, dated July 23, 2008.[1]

---

[1] Defense counsel failed to contemporaneously provide adverse counsel with a copy of this letter and failed to certify on the letter itself that a copy was delivered to adverse counsel. Thus, the Court deems the letter a prohibited *ex parte* communication with the

1  Plaintiff's counsel responded, stating that "if the defendants are either unwilling or unable
2  to enter good faith discussions, then I agree that proceeding with the Settlement Conference
3  would be futile, and should be cancelled." Letter from Michael G. Helms, counsel for
4  Plaintiff, dated July 24, 2008.[2]

In view of these letters, it is clear to the undersigned that conducting a settlement conference at this time would be a waste of time, a waste of limited resources and inconsistent with Rule 1, FED.R.CIV.P. The federal civil procedure "rules . . . shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." Rule 1, FED.R.CIV.P. Although the law favors the voluntary settlement of civil suits, *ABKCO Music, Inc. v. Harrisongs Music, Ltd.*, 722 F.2d 988, 997 (2d Cir. 1983), it does not sanction efforts by trial judges to effect settlements through coercion. *Del Rio v. Northern Blower Co.*, 574 F.2d 23, 26 (1st Cir. 1978) (citing *Wolff v. Laverne, Inc.*, 17 A.D.2d 213, 233 N.Y.S.2d 555 (1962)). In the *Wolff* case, cited with approval in *Del Rio*, *supra*, the Court said:

> We view with disfavor all pressure tactics whether directly or obliquely, to coerce settlement by litigants and their counsel. Failure to concur in what the Justice presiding may consider an adequate settlement should not result in an imposition upon a litigant or his counsel, who reject it, of any retributive sanctions not specifically authorized by law.

17 A.D.2d at 215, 233 N.Y.S.2d at 557. In short, any pressure tactics to coerce settlement are simply not permissible. *Schunk v. Schunk*, 84 A.D.2d 904, 905, 446 N.Y.S.2d 672 (1981); *Chomski v. Alston Cab Co.*, 32 A.D.2d 627, 299 N.Y.S.2d 896 (1969). "The judge

---

Court, contrary to the procedural rules and, arguably, an ethical violation. See, Rule 5(a), FED.R.CIV.P.; ER 3.5(b), 17A, A.R.S. Sup.Ct.Rules, Rule 42. "[E]x parte communications are barred even if it is not clear that the lawyer intended to influence the judge." *In re Bemis*, 189 Ariz. 119, 122, 938 P.2d 1120, 1124 (1997). The Court's chambers promptly provided adverse counsel with a faxed copy of Defendants' letter. Thus, there was no prejudice to Plaintiff. Counsel, not the court, should provide to adverse counsel copies of all written communications to a judge assigned to a case or any portion of it.

[2] A copy of this letter to the Court was appropriately faxed to adverse counsel and contained an indication that a copy of the letter was faxed to adverse counsel.

1  must not compel agreement by arbitrary use of his power and the attorney must not
2  meekly submit to a judge's suggestion, though it be strongly urged." *Brooks v. Great*
3  *Atlantic & Pacific Tea Co.*, 92 F.2d 794, 796 (9th Cir. 1937).
4      Rule 16(c)(9), FED.R.CIV.P., which expressly authorizes civil settlement
5  conferences, "was not designed as a means for clubbing the parties - or one of them - into
6  an involuntary compromise." *Kothe v. Smith*, 771 F.2d 667, 669 (2nd Cir. 1985). The
7  purpose of Rule 16, FED.R.CIV.P., is not "to impose settlement negotiations on unwilling
8  litigants." Fed.R.Civ.P. 16 Advisory Committee's Notes; *In re Novak*, 932 F.2d 1397,
9  1405 n. 15 (11th Cir. 1991). It is unreasonable to force the parties and their counsel and
10 representatives to incur unnecessary attorneys' fees and travel expenses to participate in a
11 settlement conference in Phoenix, Arizona, knowing in advance that the parties agree that
12 a settlement conference would be futile.
13     Pursuant to counsels' letters and good cause appearing,
14     **IT IS ORDERED** that the July 30, 2008 settlement conference is hereby
15 **VACATED**.
16     DATED this 25th day of July, 2008.

*[signature]*
Lawrence O. Anderson
United States Magistrate Judge